JOURNAL ENTRY and OPINION
{¶ 1} Appellant Kenneth Chapman appeals from his conviction for possession of less than five grams of crack-cocaine in violation of R.C.2929.11. Chapman assigns the following as errors for our review:
 {¶ 2} I. THE DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY FAILED TO FILE A MOTION TO SUPPRESS BOTH THE PIPE, WHICH WAS DISCOVERED AS A RESULT OF A WARRANTLESS AND ILLEGAL SEARCH, AND THE SUBSEQUENTLY MADE INCRIMINATING STATEMENT.
 {¶ 3} II. THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO A PRISON TERM FOR A SINGLE FIFTH DEGREE FELONY WHEN NONE OF THE FACTORS ENUMERATED IN R.C. 2929.13(B)(1) WERE FOUND.
{¶ 4} Having reviewed the record and pertinent law, we affirm Chapman's conviction, and reverse the sentence imposed by the trial court and remand for re-sentencing. The apposite facts follow.
{¶ 5} On October 2, 2000, Cleveland Patrolmen Randy Ramsey and Eric Williams encountered Chapman while on patrol. Upon approaching Chapman, Williams witnessed him discard a suspected crack-cocaine pipe into nearby bushes. Ramsey detained Chapman while Williams retrieved a glass crack pipe from the bushes. The officers then Mirandarized Chapman; thereafter, the officer found a ceramic crack pipe in Chapman's coat pocket. Chapman apologized for inconveniencing the officers and stated he would not have had the crack pipes had he known of the officers' presence.
{¶ 6} A jury found Chapman guilty of possession of less than five grams of cocaine in violation of R.C. 2925.11. At the sentencing hearing, the trial judge stated no more than the following in imposing sentence:
 {¶ 7} All right. Mr. Chatman [sic], I sentence you to ten months at the Loraine Correctional Institution. You have 238 days credit.
{¶ 8} In his first assigned error, Chapman argues his counsel rendered ineffective assistance by failing to move to suppress the ceramic pipe found in his jacket pocket and his statement regarding his possession of crack pipes. We disagree.
{¶ 9} In order to prevail on a claim of ineffective assistance of counsel, the appellant must show trial counsel's performance fell below an objective standard of reasonableness and such performance resulted in undue prejudice.[1] An essential element of an ineffective assistance of counsel claim is a showing that, but for trial counsel's alleged errors, there is a substantial probability that the outcome of the trial would have been different.[2]
{¶ 10} Chapman argues we should determine his counsel rendered prejudicially ineffective assistance because he did not object to admission of the ceramic crack pipe found in his jacket pocket and of his statement regarding his possession of that crack pipe. According to Chapman, proper objections would have resulted in exclusion of the crack pipe because the officers found it as a result of an illegal search and because the statement was obtained as fruit of that illegal search.
{¶ 11} We need not determine whether Chapman's counsel unreasonably declined to object, for even if we were to come to such a conclusion, we would not find a substantial probability that the outcome of the trial would have been different. The court convicted Chapman of possessing less than five grams of crack-cocaine. The uncontroverted testimony of the officers tells us Chapman held in his hand what appeared to be a crack pipe, then discarded it into nearby bushes when he saw the officers. The officers immediately searched the bushes and found a glass crack pipe. Laboratory testing revealed an amount of crack-cocaine residue in the pipe.
{¶ 12} Based upon this uncontroverted evidence, the outcome of the trial likely would have been no different had Chapman's counsel objected to the admission of the ceramic crack pipe or his statement. To convict Chapman, the jury simply had to accept that he knowingly possessed a controlled substance. Even had the court excluded the glass pipe and the statement, the remaining evidence showed that Chapman possessed the glass crack pipe containing a residue of crack-cocaine. Which crack pipe possessed by Chapman was irrelevant because both tested positive for crack-cocaine residue. These uncontroverted facts would sustain Chapman's conviction. Accordingly, Chapman's first assigned error is without merit.
{¶ 13} In his second assigned error, Chapman argues the trial court erred by sentencing him to a prison term without finding any R.C.2929.13(B)(1) factors. Although we disagree that R.C. 2929.13(B)(1)findings are prerequisite to imposing a prison term, we affirm Chapman's second assigned error as it generally calls into question whether the trial court properly sentenced him to a prison term.
{¶ 14} R.C. 2929.13(B)(1) states that a sentencing court, when imposing a prison term for a fourth or fifth degree felony, shall determine the applicability of certain factors. R.C. 2929.13(B)(2) then provides:
 {¶ 15} If the court makes a finding described in division (B)(1) * * * and if the court, after considering the factors set forth in [R.C. 2929.12], finds that a prison term is consistent with the purposes and principals of sentencing * * * and finds that the offender is not amenable to community controlled sanction, the court shall impose a prison term upon the offender.
{¶ 16} The Revised Code mandates a prison term if the R.C.2929.13(B)(1) findings exist, a prison term meets the overriding purposes and principals of sentencing, and a community control sanction is not an appropriate penalty.[3] If the court does not make R.C. 2929.13(B)(1) findings, considers R.C. 2929.12 factors, and finds that a community control sanction is consistent with the purposes and principals of sentencing set forth in R.C. 2929.11, the court shall impose a community control sanction.[4]
{¶ 17} Thus, trial courts are obligated to impose either a prison term or a community control sanction depending upon the existence of certain factors. However, the Revised Code leaves[s] an in-between area where neither prison nor community control sanction are mandated.[5] In such cases, courts may impose a prison term after considering the R.C.2929.12 factors, finding a prison term meets the overriding purposes and principals of sentencing, and stating its reasons on the record.[6]
Here, the trial court failed to make the finding and state its reasons. Accordingly, Chapman's second assigned error has merit.
Judgment affirmed in part, reversed in part, and remanded for resentencing.
This cause is affirmed in part, reversed in part, remanded for resentencing.
It is ordered that appellant and appellee share the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and ANN DYKE, J., CONCUR.
[1] State v. Madrigal (2000), 87 Ohio St.3d 378, 397, (2000), Ohio 448, reconsideration denied (2000), 88 Ohio St.3d 1428, 723 N.E.2d 1115, citing Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 2064; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus, certiorari denied (1990),497 U.S. 1011, 110 S.Ct. 3258.
[2] State v. Lindsey (2000), 87 Ohio St.3d 479, 489, (2000), Ohio 465, reconsideration denied (2000), 88 Ohio St.3d 1438, 724 N.E.2d 812.
[3] R.C. 2929.13(B)(2).
[4] R.C. 2929.13(B)(2)(b).
[5] State v. Arroyo, (2000), Ohio App. LEXIS 4478 (Sep. 28, 2000), Cuyahoga App. No. 77672, quoting State v. Banks, (1997), Ohio App. LEXIS 5201 (Nov. 20, 1997), Cuyahoga App. No. 72121, citing Katz and Griffin, Ohio Felony Sentencing Law (1996-1997 Edition) 389, Section 6.13.
[6] Arroyo, supra; Mustafa, supra.